IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01140-PAB-BNB

DAVID M. BRAINARD, and
CATHERINE A. BRAINARD,

Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP,

Defendant.

_____

# ORDER
_____

The plaintiffs commenced this action on April 29, 2011, by filing a Complaint [Doc. #1]. On May 19, 2011, I ordered the plaintiffs to file proof of service on or before August 30, 2011 [Doc. #3].

In response to my order, the plaintiffs filed copies of two United States Postal Service Certified Mail Receipts which indicate that unspecified articles were sent to (1) the defendant at its address in California, and (2) Castle, Meinhold, Stawiarski, LLC in Denver [Doc. #4].

The Complaint alleges that the defendant is a limited partnership with an address in Simi Valley, California. Under the Federal Rules of Civil Procedure, a domestic partnership must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant" or by "following state law for serving a summons in an action

brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h).

The Colorado Rules of Civil Procedure provide for service of a partnership by several means, including "delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state." Colo. R. Civ. P. 4(e)(4).

Under California law, "[a] summons may be served on an unincorporated association (including a partnership) by delivering a copy of the summons and of the complaint . . . [i]f the association is a general or limited partnership, to the person designated as agent for service of process in a statement filed with the Secretary of State or to a general partner or the general manager of the partnership . . . ." Cal.C.Civ.P. § 416.40(a).

The plaintiffs did not provide proof that they have served the defendant in an acceptable manner. In addition, they failed to comply with Rule 4(m), which provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on August 27, 2011. Consequently, I ordered the plaintiffs to show cause why this case should not be dismissed for failure to prosecute, insufficiency of service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court. D.C.COLO.LCivR 41.1.

The plaintiffs state that they relied on Rule 5 of the Federal Rules of Civil Procedure to serve the defendant rather than Rule 4. *Explanation of Cause* [Doc. #6], pp. 2-3. They request an extension of time to effect proper service of the defendant. Id. at p. 5.

The Tenth Circuit's decision in Espinoza v. United States, 52 F.3d 838 (10th Cir. 1995), establishes the procedure to be applied in determining whether to dismiss a case for failure to complete service of process:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Id. at 841.

There is no definitive statement of what constitutes "good cause" within the meaning of Fed.R.Civ.P. 4(m). One court in this circuit has noted:

> Although Rule 4(m) does not define good cause, the Tenth Circuit "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." Similarly, "[m]istake of counsel or ignorance of the rules also usually do not suffice."

Hunsinger v. Gateway Management Associates, 169 F.R.D. 152, 155 (D. Kan. 1996) (internal citations omitted).

Under the standard announced in Hunsinger, the plaintiffs have not shown good cause for their failure to complete service of process. Nevertheless, I will grant the plaintiffs an extension of 30 days from the date of this order within which to complete service and file proof of that

3

service. Failure to file proof of service within 30 days will result in my recommendation to the district judge that the Complaint be dismissed without prejudice.[1]

SO ORDERED.

Dated September 19, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] The plaintiffs state that if they are granted an extension, they will "deliver via US Mail service a true and original copy of Plaintiffs' original Complaint to the appropriate agent authorized by appointment or by law to receive service of process." *Explanation of Cause*, p. 5. However, other than a request for waiver under Rule 4(d), service on an agent may not be accomplished by mail. The term "delivery" means personally handing the summons and complaint to the appropriate person.