IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01140-PAB-BNB

DAVID M. BRAINARD, and
CATHERINE A. BRAINARD,

    Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP,

    Defendant.

## ORDER OF DISMISSAL

This matter is before the Court on the motion to dismiss [Docket No. 11] filed by defendant BAC Home Loans Servicing, L.P. on October 24, 2011. Plaintiffs have filed no response to the motion to dismiss.

Plaintiffs allege that defendant is proceeding with a foreclosure on plaintiff's property without having sufficiently established a right to do so. Beyond this bare assertion, plaintiffs supply no supporting facts. *See generally* Docket No. 1. "Although the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).[1] The Court will therefore grant

---

[1] Furthermore, plaintiffs appear to be seeking only injunctive relief for an alleged violation of § 1692f of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Even assuming plaintiffs had pled facts supporting such a claim, injunctive relief is not an available remedy. *See Weiss v. Regal Collections*, 385

defendant's motion to dismiss on that basis.

Plaintiffs filed a motion to amend [Docket No. 8] on September 28, 2011. Plaintiffs seek to supplement their requests for injunctive relief but include no additional facts. Therefore, the Court will deny the motion to amend.

For the foregoing reasons, it is

**ORDERED** that defendant's motion to dismiss [Docket No. 11] is GRANTED. It is further

**ORDERED** that plaintiffs' motion to amend [Docket No. 8] is DENIED. It is further

**ORDERED** that this case shall be closed in its entirety.

DATED March 29, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

F.3d 337, 341 (3d Cir. 2004) ("The FDCPA contains no express provision for injunctive or declaratory relief in private actions. Most courts have found equitable relief unavailable under the statute, at least with respect to private actions.") (citation and footnote omitted); *see also* 15 U.S.C. § 1692k.